## Thomas Welsh v. Robert Ruffin Barrow.

Where the jury have omitted to act on a reconventional demand set up by the defen-dant, he will be entitled to a new trial.

Appeal from the District Court of Terrebonne, *Nicholls*, J.

Martin, J. This case is before us on a bill of exceptions which we find extremely difficult to understand, from the inac-curate manner in which the whole transcript of the case is drawn up. The bill is in these words: "The *defendant* offered ge-neral rebutting evidence to the *defendant's* evidence, tending to es-tablish his reconventional demand; but the court being of the opinion that the defendant's rebutting evidence must be vested and confined solely to the reputation and character of his wit-ness for truth and *security*," refused leave.

We have not been much aided by the argument of the counsel in a brief, in which we are told that, "the court below erred in not permitting the defendant to offer evidence on his recon-ventional demand, to rebut the evidence which had been offered by the plaintiff." *Non constat* whether the defendant was pre-

Welsh v. Barrow.

vented from offering, while he was rebutting the plaintiff's evidence, testimony on his plea in reconvention; or whether, when offering evidence on this latter plea, he was refused leave to introduce testimony rebutting the plaintiff's evidence. It is clear he had the right of rebutting the evidence introduced by his adversary, and of supporting his plea in reconvention by testimony. The only question is, as to the particular time in which evidence on distinct parts of his defence was to be presented. He had an undoubted right to offer evidence on both points; and it does not appear that he was allowed to do it on either. The miserable manner in which the record of this case comes up, disables us from critically examining the opinion of the court on the refusal of the evidence offered.

Our attention has been drawn to the alleged refusal of the court, to grant leave to the defendant's counsel to ask from a witness of the plaintiff, the names of some persons who had given him information of the character of some of the defendant's witnesses. As the record contains no bill of exceptions on this head, we are unable to express any opinion on the refusal.

Lastly, it is complained that, in the verdict of the jury, and the judgment of the court, the claim in reconvention made by the defendant, has been entirely pretermitted. The defendant was entitled to the action of the jury in the reconventional demand, and he was entitled to a new trial. It is true he did not ask it, especially on account of the omission in the verdict, but, under the Code of Practice, art. 560, upon the first of the grounds on which a new trial must be granted, to wit, that the judgment appears clearly contrary to law and evidence, which was the most applicable of the three to his case. 17 La., 183. The case must, therefore, be remanded.

It is, therefore, ordered, that the judgment be annulled, and reversed, the verdict set aside, and the case remanded, with directions to the judge to permit the defendant to offer evidence on his plea in reconvention, and, if he requires it, to rebut the plaintiff's evidence; the appellee paying the costs of the appeal.

*Beatty*, for the plaintiff.

*Stevens*, for the appellant.